# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALBERTO JOSE PENA VILLALOBOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01393-JD |
| | ) | |
| WARDEN DIAMONDBACK | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

The Court notes and confirms by the relevant public information system that an Immigration Judge granted Petitioner Alberto Jose Pena Villalobos ("Petitioner") an order of voluntary departure. *See* Executive Office for Immigration Review, *Automated Case Information System*, https://acis.eoir.justice.gov/en/ (last accessed August 7, 2026); *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012) ("The contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice . . . .").

The regulatory framework controlling Petitioner's voluntary departure motion requires that he (1) withdraw all asylum claims, (2) concede that he is removable, and (3) waive his right to appeal the removal order. 8 C.F.R. § 1240.26(b)(1)(i). The same regulation requires that the Immigration Judge enter an alternate order of removal in case of noncompliance with the voluntary departure requirements, and that alternate order is subject to Petitioner's appeal waiver. 8 C.F.R. § 1240.26(d). "[P]resum[ing]," the "administrative regularity" of these procedures, the Court concludes that Petitioner is

now subject to a final order of removal. *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993). This action is therefore moot. *See* [Doc. No. 1 at 8–9] (asserting several threadbare claims plausibly relating only to a pre-final-order-of-removal posture).

Consequently, the Court DISMISSES the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] as moot and without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 7th day of August 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE